Johnson, J.
It is contended by the plaintiffs in error that the case made by the amended petition, which was filed in the court of appeals, was a different one from that set forth in the original petition in the court of common pleas, and that in permitting the amendment the court of appeals exercised an unauthorized jurisdiction in violation of the constitution.
Substantially it is urged that the original petition in the court of common pleas charged that plaintiff had been induced by fraud to sign an instrument which she believed to be a lease, but which was in fact not only a lease but a deed for the remainder of the fee in the premises; that she did not know the paper was a deed and never intended to sign it, and that all that part of it which purported to be a deed was of no force or effect at law and was as if it had not been executed at all.
It is urged that this was the ease that was appealed to the court of appeals, but was not the case that was tried by the court of appeals; that in that *140 court the whole character of the case was changed. The amended petition filed in the court of appeals contains the following: ‘ ‘ That by reason of their association and mutual interest in the settlement of Janies B. Dunlap’s estate, and in the management of his property, and of the property devised by him, the plaintiff and said defendant were on intimate terms and were confidential friends. * * * That by reason thereof and for the purpose of defrauding her, the defendant, Walter F. Tinker, took charge and control of her property, and pretending to be her friend, managed her business affairs. * * * This plaintiff did not know the real condition of said property, and did not know its worth and rental value. * * * That the plaintiff being under the influence and control of the said defendant as above described, and believing the said defendant to be an honest man, and reposing her utmost confidence in him and relying on said representations of said defendant, did execute and deliver the said instrument as and for, and believing it to be such lease, and for no other purpose Avhatever. * * * That all of the said acts and conduct of said defendant from the time of James B. Dunlap’s death to the time of the filing of this suit, were not in good faith, and he was acting for her and consulting and advising with her for the sole purpose of gaining her confidence and control over her, and for the purpose of defrauding her out of her said property.”
It is contended that by these allegations in the amended petition the entire nature of the case is changed from one of fraudulent substitution of a paper for the instrument which plaintiff intended to *141 execute to one in which defendant is charged' with having procured the deed by undue influence over the plaintiff.
The plaintiffs in error claim that because of the provisions of Section 6, Article IV of the Constitution, the court of appeals had no jurisdiction to try the case made in the amended petition filed in that court. They assert that a new cause of action was set up in that pleading, which was not part of the appealed case, nor incidental thereto. «
It is not here necessary to consider the nature and extent of the jurisdiction conferred upon the court of appeals by the amendment to Section 6, Article IV of the Constitution, made in 1912. The effect of that amendment has been declared in a number of cases. Those cases are recent and familiar to the bench and bar. Barnes v. Christy, 102 Ohio St., 160; Cincinnati Polyclinic v. Balch, 92 Ohio St., 415; Wagner v. Armstrong, 93 Ohio St., 443, and Marleau v. Marleau, 95 Ohio St., 162.
The jurisdiction of the court of appeals is. now conferred by the section of the constitution named, and the general assembly has no power to enlarge or limit the jurisdiction, but may provide by law the method of its exercise. However, the Constitution of 1912, in the schedule, expressly saved the laws then in force and not inconsistent therewith. Therefore, statutory provisions which are applicable to the method of exercising that jurisdiction are valid and effective.
Section 12223, General Code, contains the provisions that the trial therein shall be conducted in the same manner as in the common pleas court, and upon the same pleadings, unless amendments are *142 permitted or ordered by tbe court of appeals. And Section 11363, General Code, provides that before or after judgment, in furtherance of justice, and on such terms as it deems proper, the court may amend any pleading, process or .proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake ia any other respect, or by inserting other allegations material to the case.
The case before us is a chancery case and the constitutional provision in question confers full appellate jurisdiction on the court of appeals in the trial of chancery cases.
In Barnes v. Christy, 102 Ohio St., 160, it was held that “In Ohio on appeal of a chancery case the decree of the court below is suspended and the whole case is transferred to the court of appeals. That court has the same jurisdiction of the subject-matter of the action, the same control over the pleadings, the issuing and service of process, as well as the final determination of the ease, that the court below had.” It was also there held:
“In the exercise of appellate jurisdiction, the court of appeals has before it a suit commenced in a court of original'jurisdiction and cannot by amendment substitute for the cause of action originally sued on a new and different cause of action and thereby originate a new and different suit in the appellate court.
“Courts of equity aim to do complete justice by adjudicating and settling the rights of all parties, interested in the subject-matter of the suit; and as a general rule all persons materially interested either legally or equitably in that subject-matter are *143 proper parties, so that there may he a compiete decree which shall bind all and terminate litigation.”
In Henry v. Jeans, 48 Ohio St., 443, Section 5225, Revised Statutes, now Section 12223, General Code, is quoted by the court, and it is said, at page 457: “If we consider this section in connection with Section 5114 [now Section 11363, General Code], it will be apparent that amendments of pleadings, and the inserting of new allegations, may be permitted under both sections. But there is nothing in the section regulating trials on appeal, that invalidates or renders nugatory amendments permitted under Section 5114.”
In Grant v. Administrator of Ludlow, 8 Ohio St., 1, it is held that the amendment of pleadings, in the appellate court, cannot be permitted, so as to substitute for the cause of action originally brought a new and different cause of action for the determination of the appellate court. “But it not unfrequently happens, especially in equity cases, that facts and allegations necessary to determine the subject-matter of the original cause of action, and dependent upon and growing out of the original cause of action, have been omitted in the pleadings below, or the cause of action is imperfectly stated. Such amendments have been heretofore allowed on appeals in this state.”
A cause of action may be said to be the thing for which an action may be brought and to embrace the facts which it is necessary to establish in order to sustain a claim for judicial relief. As was said by Ibis court in Travelers Ins. Co. v. Myers, 59 Ohio St., 332, at page 334: “A cause of action embraces the facts that entitle a party to relief in an original action.”
*144 In this case the validity of the deed was the subject-matter of the suit. The object of the suit was to secure the setting aside of the deed. No right or interest of either of the parties was involved in the amended petition filed in the court of appeals that was not involved in the original petition in the common pleas court.
The basic claim of the plaintiff in both pleadings is that the defendant had defrauded her out of the identical property.
We think it clear that thé amendment in the court of appeals did not substitute for the cause of action originally sued on a new and different one.
The judgment of the court of appeals will be affirmed.

Judgment affirmed.

Marshall, C. J., Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.